AO 241 (Rev. 10/07)

FILED JUL 06 2020

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Page 2

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: NORTHERN DISTRICT OF OHIO |
|---|---|
| Name (under which you were convicted): ROBERT D. GRAFFIUS | Docket or Case No.: 4:20 CV 1475 |
| Place of Confinement: NOBLE CORR. INST, 15708 MCCONNELSVILLE RD, CALDWELL, OHIO 43724-8902 | Prisoner No.: JUDGE GWIN |
| Petitioner (include the name under which you were convicted) ROBERT D. GRAFFIUS | v. Respondent (authorized person having custody of petitioner) WARDEN JAY FORSHEY |
| The Attorney General of the State of OHIO | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   COLUMBIANA CTY. COMMON PLEAS
   LISBON, OHIO 44432

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know): MARCH 21, 2018

   (b) Date of sentencing:

3. Length of sentence: 8 YEARS

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   RAPE - ORC 2907.02(A)(2)

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 10/07)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: SEVENTH DISTRICT COURT OF APPEALS

(b) Docket or case number (if you know): 18 CO 0008

(c) Result: AFFIRMED

(d) Date of result (if you know): JUNE 24, 2019

(e) Citation to the case (if you know): 2019-OHIO-2714

(f) Grounds raised:

PROSECUTORIAL MISCONDUCT DENIED MR. GRAFFIUS A FAIR TRIAL AND DUE PROCESS OF LAW.

(g) Did you seek further review by a higher state court? ☑ Yes ☐ No

If yes, answer the following:

(1) Name of court: SUPREME COURT OF OHIO

(2) Docket or case number (if you know):

(3) Result: DECLINED JURISDICTION

(4) Date of result (if you know): OCTOBER 15, 2019

AO 241 (Rev. 10/07)

Page 4

(5) Citation to the case (if you know): 157 O3d 1442, 2019-OHIO-4211

(6) Grounds raised:

PROSECUTORIAL MISCONDUCT DENIED MR. GRAFFIUS A FAIR TRIAL AND DUE PROCESS OF LAW.

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☒ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: SEVENTH DISTRICT COURT OF APPEALS

(2) Docket or case number (if you know): 18 CO 0008

(3) Date of filing (if you know): AUGUST 22, 2019

(4) Nature of the proceeding: APPLICATION TO REOPEN DIRECT APPEAL

(5) Grounds raised:

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILURE TO RAISE DEAD-BANG WINNERS.

DENIAL OF FAIR TRIAL WHEN STATE USED TAINTED EVIDENCE, GAINED WITHOUT WAIVER OF MIRANDA RIGHTS, TO SECURE CONVICTION.

DENIAL OF FAIR OPPORTUNITY TO PRESENT A COMPLETE DEFENSE WHEN TRIAL COUNSEL FAILED TO PROPERLY PRESERVE EXCULPATORY EVIDENCE FOR ADMISSION.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes ☒ No

(7) Result: APPLICATION DENIED

(8) Date of result (if you know): NOVEMBER 20, 2019

AO 241 (Rev. 10/07)                                                                                          Page 6

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

     ☐ Yes    ☐ No

    (7) Result:

    (8) Date of result (if you know):

  (d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:   ☒ Yes   ☐ No

    (2) Second petition:   ☐ Yes   ☐ No

    (3) Third petition:   ☐ Yes   ☐ No

  (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

  <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:** PROSECUTORIAL MISCONDUCT DENIED A FAIR TRIAL AND DUE PROCESS OF LAW.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate counsel failed to raise dead-bang winning arguments on direct appeal. Record fully sustained arguments, and lack thereof denied meaningful review.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241     Page 9
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

**GROUND THREE:** DENIED A FAIR TRIAL PURSUANT USE OF TAINTED EVIDENCE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Due to fact that an interview was conducted by a regular patrolman, Miranda rights weren't clearly given. The officer never stated he was questioning about rape allegations and told me if I admitted to a crime then he would charge me. SEE TRANSCRIPT OF INTERVIEW, ATTACHED.

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 10/07)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** DENIED FAIR OPPORTUNITY TO PRESENT A COMPLETE DEFENSE DUE TO COUNSEL'S FAILURE TO PROPERLY ADMIT EXCULPATORY EVIDENCE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel's inability to get exculpatory evidence admitted infringed upon my compulsory right and denied the jury all relevant information to deliberate on. The photo could have been authenticated on cross-examination of alleged victim. This damaged the structure and idealism of a fair trial.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

≈AO 241 (Rev. 10/07)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: a conditional writ that effectuates a new trial, absent the above constitutional violations.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  6-22-20  (month, date, year).

Executed (signed) on  6-22-20  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## STATEMENT OF ROBERT GRAFFIUS

(noise on recording - inaudible)

WHITFIELD: And you're (inaudible) to?

GRAFFIUS: No I mean I don't (inaudible) I'm sure by now for ah I had to report to probation

WHITFIELD: Oh really

GRAFFIUS: Yeah

WHITFIELD: Ah what are ya on probation for?

GRAFFIUS: Ah I had ah a assault charge that was dismissed and then ah there was a needle and a spoon but no drugs, there was just needle and spoon that somebody left there and they found it. I wasn't even actually livin' there and I wasn't even there when they found it but they pinned it on me so (inaudible)

WHITFIELD: Yeah

GRAFFIUS: It wasn't even mine. (inaudible) got screwed and I (inaudible) my attorney was like ah (inaudible) it's all dismissed ya know and ah and ah but they wouldn't (inaudible) we're gonna get you with ah ah drug instruments. I'm like well I wasn't even there and I didn't even live there ya know and I wasn't even there when they found it so

WHITFIELD: (inaudible)

GRAFFIUS: Huh?

WHITFIELD: Defense attorney

GRAFFIUS: Ah my attorney yeah. He was like oh you wanna take this assault charge. I was what are you talkin' (inaudible) dismissed ya know (inaudible) fuck it ya know. It is what it is.

WHITFIELD: Ah (inaudible). Well I'm gonna ask ya about somethin' but before I do, I need (inaudible) so I'm gonna read you your rights. You ever been read your rights before (inaudible)

GRAFFIUS: Yeah

WHITFIELD: Alright. (inaudible) I'm gonna ask ya about (inaudible) talk to me about it

GRAFFIUS: (inaudible)

WHITFIELD: And ah anything you say (inaudible) not a crime so if you tell me you did a crime (inaudible) in Court.

GRAFFIUS: A crime? What do ya mean a crime?

WHITFIELD: Well I just wanna make sure that you understand that you are talking (inaudible) and if you do tell me somethin' that I'm (inaudible) Court. You understand that?

GRAFFIUS: Yeah I mean

1

74

WHITFIELD: Just basic stuff and you don't wanna talk to me, or if you want a lawyer here with ya, if you do wanna talk to me but with a lawyer, it can be ah or you can call one. Whatever you wanna do

GRAFFIUS: I don't care

WHITFIELD: And if you can't afford one, then one

GRAFFIUS: What is this about? I mean what's goin' on?

WHITFIELD: Ya know I'm wanna get to that but I wanna make sure you understand that you are talkin' to me (inaudible)

GRAFFIUS: Ah yeah I know my rights

WHITFIELD: Okay. But if you can't afford a lawyer (inaudible) Columbiana (inaudible) represent you if you can't afford one. Alright. And you wanna start talkin', you wanna stop talkin' and you wanna just not talk any more, you can do that at any time. Just stop talking. Okay. You understand all this?

GRAFFIUS: Yeah

WHITFIELD: So you know Tammy?

MALE: What (inaudible) her today

GRAFFIUS: Tammy ah what's her last name (skip in recording)

WHITEFIELD: (inaudible) today

GRAFFIUS: Nothin'. (noise) What do ya mean? What what's goin' on? (inaudible)

WHITFIELD: I wanna get what you know

GRAFFIUS: I don't know anything. I mean she came over and we were drinkin' and she left. So she came over and said her sister was beatin' her up, showed me bruises and stuff ya know and I'm like look whatever ya know and she left.

WHITFIELD: How long have you known Tammy?

GRAFFIUS: Not very long

WHITFIELD: What? So like a year or 2 or

GRAFFIUS: What is this about? What what's going on?

WHITFIELD: (inaudible) like to know

GRAFFIUS: Okay what, well tell me what this is about? Am I being charged with something?

WHITFIELD: (inaudible) okay?

GRAFFIUS: Okay ah so what's the problem? What's goin' on with Tammy?

WHITFIELD: She (inaudible) today and I wanna know if there's anything goin' on

2

75

GRAFFIUS: No nothin's goin' on. What are you talkin' about? Ah just she said her sister was beatin' her up but she said her sister keeps beatin' her up

WHITFIELD: How's her sister beat her up (inaudible)

GRAFFIUS: She said her sister keeps hitting her ya know. That's all I know. Just her sister keeps beating her up and she said she doesn't understand why. That's all I know. Her sister keeps abusing her and she was s'posed to leave today to go back to (inaudible) to her mother's house. That's all I know and I

WHITFIELD: (inaudible)

GRAFFIUS: Ah this afternoon

WHITFIELD: How long (inaudible)

GRAFFIUS: (inaudible) for what?

WHTIFIELD: (inaudible)

GRAFFIUS: For what? For what? What is what ya know what what's goin' on here?

WHITFIELD: She said you guys (inaudible) today

GRAFFIUS: No absolutely not

WHITFIELD: Okay. DNA (inaudible) will help us eliminate you

GRAFFIUS: Eliminate me from what? Eliminate me from what? From what?

WHITFIELD: She said you guys (inaudible)

GRAFFIUS: So what are you saying? What are you what are you talkin' about?

WHITFIELD: She said you did

GRAFFIUS: No no

WHITFIELD: So can you help us out, give us a DNA sample (inaudible)

GRAFFIUS: Eliminate me from what?

WHITFIELD: Sleeping there (inaudible)

GRAFFIUS: I didn't (inaudible) at

WHITFIELD: (inaudible)

GRAFFIUS: Wherever (inaudible) from (inaudible)

WHITFIELD: (inaudible)

GRAFFIUS: I (inaudible) DNA for nothin'. I mean I don't wa why would you want my DNA? What what's going on here? (inaudible) going on here

WHITFIELD: (inaudible)

GRAFFIUS: I

3

76

WHITFIELD: (inaudible)

GRAFFIUS: I mean what what is business would that be of yours anyway if I slept with her? I mean I don't understand what's goin' on here

WHITFIELD: Okay. So if you're (inaudible) together

GRAFFIUS: No

WHITFIELD: (inaudible)

GRAFFIUS: No

WHITFIELD: How long you known (inaudible)

GRAFFIUS: Not very long

WHITFIELD: She been over to your place before?

GRAFFIUS: Yeah

WHITFIELD: Okay. When (inaudible) she was over

GRAFFIUS: Um couple weeks ago

WHITFIELD: Okay.

GRAFFIUS: Man I don't know, what's going on here? Please tell me what's going on here. I mean I (inaudible)

WHITFIELD: She said you slept together

GRAFFIUS: We didn't sleep together no way, no how

WHITFIELD: Okay

GRAFFIUS: No nope

WHITFIELD: (inaudible) she's had an examination (inaudible)

GRAFFIUS: I don't care

WHITFIELD: Okay. I I'm just being honest with you (inaudible) tryin' to be honest with ya

GRAFFIUS: Alright

WHITFIELD: So

GRAFFIUS: Fine I don't care. Whatever

WHITFIELD: Have you ever been arrested for a felony before?

GRAFFIUS: Ah yeah but that was (inaudible)

WHITFIELD: How long ago was that? A couple years, a year or

GRAFFIUS: A year ago

4

77

WHITFIELD: (inaudible)

GRAFFIUS: Mmm prob'ly (inaudible) maybe

WHITFIELD: (inaudible)

GRAFFIUS: (inaudible)

WHITFIELD: (inaudible)

GRAFFIUS: Fine, search

WHITFIELD: 'Cause if she's sayin' somethin' that didn't happen, then that's what I wanna know

GRAFFIUS: (inaudible) story somethin' that didn't happen obliviously. I did not sleep with her

WHITFIELD: Okay.

GRAFFIUS: Okay?

WHITFIELD: I don't if they'll ya know we didn't – what she said and what you're sayin' (inaudible)

GRAFFIUS: (inaudible) I mean I didn't sleep with that lady

WHITFIELD: Okay (inaudible)

GRAFFIUS: Never never

WHITFIELD: Okay. Would you consent to you said you're not consenting (inaudible)

GRAFFIUS: Sure don't 'cause I don't know what the fuck is goin' on here so that ya know

WHITFIELD: So that ya know if you don't wanna talk to to me any more

GRAFFIUS: I don't know what the fuck is goin' on here but this is fucked up and you fuckin' know it officer

WHITFIELD: (inaudible)

GRAFFIUS: Fucked up

WHITFIELD: What's (inaudible)

GRAFFIUS: Everything that's goin' on here. I don't know what the fuck is goin' on here.

WHITFIELD: Okay.

GRAFFIUS: That's the end of it

WHITFIELD: Alright. We're gonna (inaudible)

GRAFFIUS: That's fine

WHITFIELD: You don't have anything else to say about what happened today, right?

GRAFFIUS: Said what I had to say. I didn't sleep with that lady

WHITFIELD: (inaudible)

5

78

GRAFFIUS: I'm gonna go back out (inaudible)

Transcribed by Denise King 8-10-2017

Robert Graffius 750471
NOBLE CORR. INST.
15708 McCONNELSVILLE RD.
CALDWELL, OHIO 43924-8902



OFFICE OF THEE CLERK
U.S. Dist. Court
801 W. SUPERIOR AVE.
CLEVE., OHIO 44113-1830